F9LFSHAP                    Plea

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                           15 CR 157 (LAK)

 5   TRENDON SHAVERS,

 6                 Defendant.

 7   ------------------------------x

 8                                         New York, N.Y.
                                           September 21, 2015
 9                                         3:30 p.m.

10

     Before:
11
                       HON. SARAH NETBURN,
12
                                         Magistrate Judge
13

14                          APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     MICHAEL FERRARA
17        Assistant United States Attorney

18

     FEDERAL DEFENDERS OF NEW YORK
19        Attorneys for Defendant
     CHRISTOPHER A. FLOOD
20

21

22

23

24

25

2

F9LFSHAP                    Plea

1          (Case called)

2          (In open court)

3          THE DEPUTY CLERK:  United States v. Trendon Shavers.

4    Counsel, state your appearances for the record.

5          MR. FERRERA:  Good afternoon.  Michael Ferrara for the

6    government.

7          MR. FLOOD:  Your Honor, good afternoon.  Christopher

8    Flood, Federal Defenders of New York on behalf of Mr. Shavers.

9    He's present.

10         THE COURT:  Good afternoon.  Good afternoon,

11   Mr. Shavers.  My name is Judge Netburn.

12         I have before me a Consent to Proceed Before a United

13   States Magistrate Judge On a Felony Plea Allocution that you

14   have signed.  What this form says is knowing you have the right

15   to have this plea taken before a United States district judge

16   you are agreeing to have this plea taken before me, a United

17   States magistrate judge.  Is that correct?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Before you signed this form did your

20   lawyer explain it to you?

21         THE DEFENDANT:  Yes.

22         THE COURT:  It is accepted.

23         I have before me an indictment, it charges you with

24   one count of securities fraud in violation of Title 15 of the

25   United States Code Sections 78(j)(b), 78(f)(f) and Title 17 of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    the Code of Federal Regulations, Section 240.10b-5.  I've been

2    informed that you wish to change your plea and enter a plea of

3    guilty as to this charge.  Is that correct?

4                THE DEFENDANT:  Yes, your Honor.

5                THE COURT:  Before deciding whether to accept your

6    guilty plea I am going to ask you certain questions.  It's very

7    important that you answer these questions honestly and

8    completely.  The purpose of these proceedings is to make sure

9    that you understand your rights, to decide whether you are

10   pleading guilty of your own free will and to make sure that you

11   are pleading guilty because you are guilty and not for some

12   other reason.  Do you understand that?

13               THE DEFENDANT:  Yes, your Honor.

14               THE COURT:  If you don't understand any of my

15   questions or at any point in time you want to consult with your

16   attorney, please say so, because it's important that you

17   understand every question before you answer it.  Will you do

18   that?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  Mr. Merdieta, will you swear in the

21   defendant?

22               (Defendant sworn)

23               THE COURT:  Sir, can I have your full name?

24               THE DEFENDANT:  Trendon T. Shavers.

25               THE COURT:  And how old are you?

1          THE DEFENDANT:  33 today.

2          THE COURT:  Today is your birthday?  Happy birthday.

3          Are you a United States citizen?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  How far did you go in school, sir?

6          THE DEFENDANT:  High school and then tech classes.

7          THE COURT:  Tech classes?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Technology?

10          THE DEFENDANT:  Yes.

11          THE COURT:  How many credits did you obtain in that

12    field?

13          THE DEFENDANT:  There were certifications so it's a

14    little different than credits.  But I did certification

15    courses.  I got six or seven certifications.

16          THE COURT:  Okay.  Are you currently or have you

17    recently been under the care of a doctor or a psychiatrist for

18    any reason?

19          THE DEFENDANT:  No.

20          THE COURT:  Have you taken any mind-altering drugs,

21    medicine or pills or consumed any alcohol in the last 24 hours?

22          THE DEFENDANT:  No.  No.

23          THE COURT:  Are you sober now?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Is your mind clear today?

1                THE DEFENDANT:  Yes.

2                THE COURT:  Do you understand what's going on in these

3      proceedings?

4                THE DEFENDANT:  Yes.

5                THE COURT:  Does either counsel have any objections to

6      the defendant's competence to enter a guilty plea at this time?

7                MR. FERRERA:  No, your Honor.

8                MR. FLOOD:  No, your Honor.

9                THE COURT:  Sir have you received a copy of the

10     written charges against you in this case known as the

11     indictment?

12               THE DEFENDANT:  Yes, I have your Honor.

13               THE COURT:  Have you read it?

14               THE DEFENDANT:  Yes.

15               THE COURT:  Do you understand what it says?

16               THE DEFENDANT:  Yes.

17               THE COURT:  Do you want me to read it to you in open

18     court?

19               THE DEFENDANT:  No.

20               THE COURT:  And you understand that you've generally

21     been charged with a felony offense for violating our securities

22     laws?

23               THE DEFENDANT:  Right.

24               THE COURT:  Have you had time to talk to your attorney

25     about these charges and about how you wish to plead?

1              THE DEFENDANT:  Yes.

2              THE COURT:  Has he discussed with you the consequences

3     of your plea?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Are you satisfied with your attorney's

6     representation of you?

7              THE DEFENDANT:  Very much so.

8              THE COURT:  I'm now going to explain certain

9     constitutional rights that you have.  These are rights you will

10    be giving up if you enter a guilty plea.  Please listen

11    carefully to what I have to say and if you don't understand

12    something please stop me and your attorney or I will explain

13    the matter more fully okay?

14             THE DEFENDANT:  Okay.

15             THE COURT:  Under the Constitution and the laws of the

16    United States you have the right to plead not guilty to the

17    charges contained in this indictment.  Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  If you pled not guilty you will be

20    entitled under the Constitution to a speedy and public trial by

21    a jury of those charges.  At that trial you would be presumed

22    innocent and the government will be required to prove you

23    guilty beyond a reasonable doubt before you could be found

24    guilty.  That means you would not have to prove you were

25    innocent and you would not be convicted unless a jury of twelve

1   people agreed unanimously that you were guilty beyond a

2   reasonable doubt.  Do you understand that?

3            THE DEFENDANT:  Yes, I do.

4            THE COURT:  If you decide to go to trial at that trial

5   and at every stage of your case you will have the right to be

6   represented by an attorney.  If you cannot afford an attorney

7   one will be appointed to represent you at the government's

8   expense and at no cost to you.  When an attorney is appointed

9   the attorney is appointed to handle your case all the way

10  through trial and not just for a guilty plea so your decision

11  to plead guilty here today should not depend on whether you can

12  afford to hire an attorney.  Do you understand that?

13           THE DEFENDANT:  Yes, I do.

14           THE COURT:  During a trial the witnesses for the

15  prosecution will have to come to court and testify in your

16  presence where you can see and hear them and your lawyer can

17  cross-examine those witnesses.  And if you wanted your lawyer

18  could offer evidence on your behalf.  You would be able to use

19  the Court's power to compel witnesses to come to court to

20  testify in your defense even if they did not want to come.  Do

21  you understand that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  At a trial you would have the right to

24  testify in your own defense if you wanted to but you would also

25  have the right not to testify and if you chose not to testify

1  that could not be used against you in any way.  No inference or

2  suggestion of guilt could be made from the fact that you did

3  not testify.  Do you understand that?

4             THE DEFENDANT:  Yes.

5             THE COURT:  If you were convicted at trial you would

6  have the right to appeal that verdict to a higher court.  Do

7  you understand that?

8             THE DEFENDANT:  Yes.

9             THE COURT:  As I said before, you have the right to

10  plead not guilty.  Even right now, even as you sit here today

11  for the purposes of entering a guilty plea you have the right

12  to change your mind, persist in your not guilty plea and

13  proceed to trial.  But if you do plead guilty and I accept your

14  plea, you will give up a trial and all of the other rights that

15  I have just described.  If you plead guilty there will be no

16  trial.  All that will remain to be done will be to impose a

17  sentence.  You and the government will have an opportunity to

18  make arguments about what that sentence should be, but there

19  will not be any further trial to determine whether you are

20  guilty or not guilty of the charges as to which you plead

21  guilty.  Do you understand that?

22             THE DEFENDANT:  Yes, I do.

23             THE COURT:  Do you understand that the decision as to

24  the appropriate sentence in this case will be entirely up to

25  the sentencing judge and that that judge will be bound only by

1   what the law requires.  This means that even if you are

2   surprised or disappointed by your sentence you will still be

3   bound by your guilty plea.  Do you understand that?

4               THE DEFENDANT:  Yes, I do.

5               THE COURT:  Finally, if you do plead guilty you are

6   giving up your right not to incriminate yourself and I will ask

7   you questions about what you did in order to satisfy myself

8   that you are actually guilty.  By pleading guilty you are

9   admitting your factual as well as legal guilt.  Do you

10  understand that?

11              THE DEFENDANT:  Yes, I do.

12              THE COURT:  You said earlier that you've read the

13  indictment and you understand the charges against you and you

14  understand that you've been charged with one count of

15  securities fraud.  I'm now going to ask the Assistant United

16  States Attorney to state the elements of that charge.  The

17  elements are the things that the government would have to prove

18  beyond a reasonable doubt if the case were to proceed to trial.

19              MR. FERRERA:  Yes, your Honor, and Mr. Shavers was

20  also charged with wire fraud, although he is not pleading

21  guilty to that today, only to securities fraud, Count One.

22              Your Honor, had Count One proceeded to trial the

23  government would have been required to prove that during the

24  time period alleged Mr. Shavers in connection with the purchase

25  or sale of securities -- and this is going to be sort of an

1   ABC.  That he either, A, employed a device, scheme or artifice

2   to defraud or, B, made an untrue statement of a material fact

3   or omitted to state a material fact which made what was said

4   under the circumstances misleading or, C, engaged in an act,

5   practice or course of business that operated or would operate

6   as a fraud or deceit upon a purchaser or seller.  That's the

7   end of the sort of ABC, and that Mr. Shavers acted knowingly,

8   willfully and with the intent to defraud and that he used or

9   caused to be used any means or instruments of transportation or

10  communication in interstate commerce or the use of mails in

11  furtherance of the fraudulent conduct.

12          THE COURT:  Thank you.  Sir, I'm now going to tell you

13  the maximum possible penalty for this crime.  The maximum means

14  the most that could possibly be imposed.  It does not

15  necessarily mean this is what you will receive but you have to

16  understand that by pleading guilty here today you are exposing

17  yourself to any combination of punishments up to the maximum

18  that I'm about to describe.  Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  First, let me tell you about the maximum

21  possible term of imprisonment.  For this case, it carries a

22  maximum term of imprisonment of 20 years and a maximum term of

23  supervised release of three years.  Supervised release means

24  that if you are sentenced to prison and thereafter released

25  from prison you may be subject to supervision by the probation

1   department and if you violate any of the terms or conditions of

2   your release you may have your term of supervised release

3   previously imposed, it may be revoked and you may be returned

4   to prison without giving you any credit for the time served on

5   post-release supervision.  Do you guys need two minutes?

6               THE DEFENDANT:  No, that's all right.

7               MR. FLOOD:  Thank you.

8               THE COURT:  In addition to these restrictions on your

9   liberty the maximum possible punishment also includes financial

10  punishments.  In this case the maximum allowable fine is $5

11  million.  In light of the severity of that possible fine it may

12  be trivial to mention it, but I'm required by law to tell you

13  there's a mandatory minimum fine or a special assessment of

14  $100 that must be imposed with a count of conviction.

15              Sir, has anyone threatened you or coerced you in any

16  way to get you to plead guilty?

17              THE DEFENDANT:  No, your Honor.

18              THE COURT:  Has anyone other than the prosecution by

19  way of this plea agreement promised you or offered you anything

20  to get you to plead guilty?

21              THE DEFENDANT:  No, your Honor.

22              THE COURT:  I understand that there is an agreement in

23  this case between you and the government concerning this plea,

24  is that correct?

25              THE DEFENDANT:  Yes.

1              THE COURT:  Did you sign this agreement?

2              THE DEFENDANT:  Yes, I did.

3              THE COURT:  And before you signed it did you read it?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Do you understand its terms?

6              THE DEFENDANT:  I do.

7              THE COURT:  Have you had an opportunity to speak to

8    your lawyer about the terms of this agreement?

9              THE DEFENDANT:  I have, your Honor.

10             THE COURT:  I understand that you and the government

11   have agreed as to the appropriate calculations of your sentence

12   under the sentencing guidelines, is that correct?

13             THE DEFENDANT:  That is correct.

14             THE COURT:  And you've agreed that the appropriate

15   guidelines range is 33 to 41 months' imprisonment, is that

16   correct?

17             THE DEFENDANT:  Correct.

18             THE COURT:  In addition, you agreed that the

19   appropriate fine range is between $7,500 and $5 million, is

20   that correct?

21             THE DEFENDANT:  Correct.

22             THE COURT:  In this agreement you've agreed that

23   neither you nor the government will seek a departure or

24   adjustment pursuant to the guidelines.  Do you understand that?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Right, so you've agreed that you're not

2     going to argue to Judge Kaplan that he should calculate the

3     guidelines range differently by adjusting that range.  Do you

4     understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  But the parties are allowed to seek a

7     sentence outside the stipulated guidelines range based on the

8     sentencing factors.  Do you understand that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  In addition n this agreement you have

11    admitted to the forfeiture allegation with respect to Count One

12    of the indictment and agreed to forfeit to the United States a

13    sum of money equal to the amount of proceeds obtained as a

14    result of the charged offenses and any other relevant conduct

15    set forth.  Do you understand that?

16         THE DEFENDANT:  Yes, I do.

17         THE COURT:  And you've also agreed to make restitution

18    in an amount to be ordered by the Court.  Do you understand

19    that?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  In this agreement you have also agreed to

22    limit in certain respects your ability to appeal from your

23    conviction.  Specifically, you've agreed that you will not file

24    a direct appeal or bring a collateral challenge, also known as

25    a habeas motion or seek a sentence modification so long as the

 1   sentence is within or below the stipulated guidelines range of

 2   33 to 41 months' imprisonment.  Do you understand that?

 3              THE DEFENDANT:  Yes, your Honor.

 4              THE COURT:  You hesitate for a minute.  So you agree

 5   you're not going to appeal any sentence or seek a sentence

 6   modification or make a habeas argument, collateral challenge to

 7   your sentence so long as Judge Kaplan sentences you within the

 8   guidelines range of 33 to 41 months' imprisonment, you

 9   understand that?

10              THE DEFENDANT:  Yes.

11              THE COURT:  In addition, you've agreed that you will

12   not appeal any term of supervised release that is less than or

13   equal to the statutory maximum of three years and you will not

14   appeal any fine that is less than or equal to $5 million.  Do

15   you understand that?

16              THE DEFENDANT:  Yes, I do.

17              THE COURT:  I want to make sure you understand that

18   Judge Kaplan is not bound by this plea agreement and that he

19   will be required to make his own calculation under the

20   sentencing guidelines and impose a sentence based on what he

21   believes is the appropriate sentence for you.  Do you

22   understand that?

23              THE DEFENDANT:  Yes, I do.

24              THE COURT:  This means that he may reject the

25   recommendation set forth in the plea agreement without

F9LFSHAP                Plea

1    permitting you to withdraw your guilty plea and then impose a

2    more severe sentence.  Do you understand that?

3                THE DEFENDANT:  Yes, your Honor.

4                THE COURT:  Judge Kaplan is required to make his own

5    calculation based on what he believes is appropriate for you,

6    even if it is different than the one set forth in this

7    agreement.  Do you understand that?

8                THE DEFENDANT:  Yes.

9                THE COURT:  In determining that sentence the Court

10   will consider in addition to the guidelines and possible

11   departures from those guidelines all of the factors that are

12   set forth in our sentencing statute, which is found in Title 18

13   of the United States Code, Section 3553(a).  Do you understand

14   that?

15               THE DEFENDANT:  Yes, I do.

16               THE COURT:  In addition, the Court will consider the

17   presentence report which is prepared by probation in advance of

18   sentencing.  Before you are sentenced you and the government

19   will have an opportunity to make arguments and challenge any of

20   the fact that are reported by the probation officer.  Do you

21   understand all that?

22               THE DEFENDANT:  Yes.

23               THE COURT:  Sir, now that you've been advised of the

24   charges against you, the possible penalties that you face and

25   the rights that you are giving up, is it still your intention

1    to plead guilty to Count One in the indictment?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  So with respect to Count One in the

4    indictment, how do you plead?

5              THE DEFENDANT:  Guilty.

6              THE COURT:  Could you tell me in your own words what

7    you did to make you believe you are guilty as charged?

8              THE DEFENDANT:  During the period of September 2011 to

9    September 2012 I engaged in the sale of investment contracts

10   involving online currency.

11             THE COURT:  Could you speak a little more slowly so we

12   can get everything down?  I know this is a nerve-racking

13   process.

14             THE DEFENDANT:  I engaged in the sale of investment

15   contracts involving online currency bitcoin.  During this time

16   I knowingly induced purchasers of bitcoin investment contracts

17   to invest by making false statements.  Based on these false

18   statements I in fact did receive money from investors that were

19   not used for the stated purpose.  I know what I did was wrong

20   and I'm very sorry.

21             THE COURT:  And your communications, were they

22   electronic?  How were you communicating with these investors?

23             THE DEFENDANT:  Yes, electronic.

24             THE COURT:  Any other questions you would like me to

25   ask this defendant?

1            MR. FERRERA:  I don't think so, your Honor.  I believe

2      the parties -- I spoke to Mr. Flood earlier.  I believe the

3      parties are prepared to stipulate that the investment contract

4      Mr. Shavers described qualified as a security under the law,

5      that some of the e-mails sent by Mr. Shavers or received by him

6      in furtherance of the fraud traveled in interstate commerce and

7      that some of the proceeds of the illicit conduct passed through

8      Manhattan on their way to Mr. Shavers' bank account.

9            MR. FLOOD:  That's correct, your Honor.

10            THE COURT:  Do you want to proffer the evidence you

11      would produce at trial if the case were to proceed?

12            MR. FERRERA:  Let me start with the last thing.  We

13      would have had bank records showing movement of money including

14      to Mr. Shavers.  We would have had lengthy internet chats that

15      Mr. Shavers admittedly participated in in which he made false

16      statements to investors promising them very, very high interest

17      rates in return for initial investments, as high as 1 percent

18      interest per day.  We would have victims come in who were

19      induced to invest under those circumstances who did not receive

20      the bitcoin that they were expecting.  We would have had

21      trading records showing that Mr. Shavers did in fact invest

22      some of the bitcoin he received in a trading platform called

23      Mt. Gox, which is now defunct, which was a bitcoin trading

24      platform, but the amount that Mr. Shavers invested was not

25      close to the amount he actually received.  In fact, we would

1    have proven that he was receiving money from investor B in

2    order to pay investor A, that is to say, he had the telltale

3    signs of a Ponzi scheme.  That's what our evidence would have

4    shown.

5              THE COURT:  Thank you.  Mr. Shavers, I just want to

6    confirm you read from a prepared statement.  I just want to

7    make sure that that statement is your own and that all of the

8    things that you reported to me are true and complete?

9              THE DEFENDANT:  Yes, working out some lingo with my

10   attorney, but, yes, these are my words.

11             THE COURT:  Based on your responses to my questions,

12   sir, and my observation of your demeanor, I find you are

13   competent to enter a guilty plea.  I am satisfied you

14   understand your rights including your right to go to trial, you

15   are aware of the consequences of your plea, including the

16   sentence that may be imposed; that you are voluntarily pleading

17   and you admitted you are guilty as charged in Count One of the

18   indictment.  For these reasons I'll recommend that District

19   Judge Kaplan accept your plea of guilty as to Count One in the

20   indictment.

21             I assume the government will order a copy of the

22   transcript and submit it to Judge Kaplan so he may act on my

23   recommendation?

24             MR. FERRERA:  Yes, of course, your Honor and Judge

25   Kaplan has set February 3, 2016 as a sentencing date.

1          THE COURT:  I'll order a sentencing submission be

2     prepared.  Can you deliver the summary within the next 14 days?

3          MR. FERRERA:  Yes.

4          THE COURT:  Counsel, can you have your client ready

5     within the next 14 days to report to probation?

6          MR. FLOOD:  Yes, your Honor.  There is some difficulty

7     because the defendant lives outside of Dallas so for the

8     presentence interview it would have to be done telephonically.

9          THE COURT:  Not a problem.

10          MR. FLOOD:  We will schedule that, but probation will

11     be aware, I could come in person, I would love to do that,

12     but--

13          THE COURT:  I don't think it's a problem to do it over

14     the telephone.

15          MR. FLOOD:  Although for the drug testing they would

16     have him, I think it's the Western District of Texas --

17          THE DEFENDANT:  Southern District of Texas.

18          THE COURT:  Hopefully they'll work with their

19     colleagues and work this out.  Very good.  Any objections to

20     continuing the present bail?

21          MR. FERRERA:  None.

22          THE COURT:  Sir, all of the conditions on which you

23     were released up to now continue to apply and a violation of

24     those conditions could have very serious consequences including

25     bail revocation and prosecution for bail jumping.  Do you

1    understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Also, if you commit any crime while

4    released on bail, that would lead to a more severe punishment

5    then you would get for committing the same crime at any other

6    time.  Of course, if you commit a crime or violate the plea

7    agreement with the government in any way you may be subject to

8    revocation by the government of your plea agreement and all the

9    consequences that are described in that plea agreement.

10             Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right, anything further?

13             MR. FERRERA:  No, your Honor.

14             MR. FLOOD:  No, your Honor.

15             THE COURT:  Thank you.

16             (Adjourned)

17

18

19

20

21

22

23

24

25